**ROHRBACHER v CITIZENS BUILDING ASSOCIATION**

Ohio Appeals, 3rd Dist, Seneca Co

No 286. Decided Jan 18, 1941

Walter C. Rohrbacher, Tiffin, for plaintiff-appellee.

Roy W. Chatfield, Tiffin; Carpenter & Carpenter, Tiffin, for defendant-appellant.

## OPINION

BY THE COURT:

This is an appeal on questions of law from a judgment of the Court of Common Pleas of Seneca County, Ohio. The action is one for declaratory judgment and other relief, brought by Walter C. Rohrbacher as executor of the last will and testament of L. Floy Walker, deceased, against The Citizens Building Association Company of Tiffin, Ohio, and Sceva Stinebaugh Walker, in the Court of Common Pleas of Seneca County, Ohio, in which the court was asked to determine and declare the ownership of a deposit of money in the defendant company represented by a certificate of deposit, and for such other and further relief in the premises as may be proper.

In her answer the defendant Sceva Stinebaugh Walker alleged she was entitled to the proceeds of said certificate and asked for a determination of the rights of the parties therein and for such other relief as may be just and equitable.

The case was submitted to the Court of Common Pleas upon the petition of the plaintiff, the answer of the defendant Sceva Stinebaugh Walker, and an agreed statement of facts, the defendant The Citizens Building Association Company being in default for pleading, asserting no claim to the money and signifying its willingness to pay the money to such party as the court might direct.

The Court of Common Pleas rendered judgment that the plaintiff fiduciary was the owner of the deposit in question and that the defendant Sceva Stinebaugh Walker had no interest in the fund, and it is from this judgment that this appeal is taken by the defendant Sceva Stinebaugh Walker.

While the appellant makes three assignments of error, such assignments are all based on the contention that the judgment of the Court of Common Pleas is contrary to law.

The agreed and admitted statement of facts upon which the case was submitted to the Court of Common Pleas, and which is incorporated in the record in error in this court, is in the words and figures following, to-wit:

"It is stipulated and agreed by and between all the parties hereto that there is a controversy between them in this cause depending upon the following agreed and admitted facts:

A. That L. Floy Walker on the 2nd day of August, 1939, and prior thereto, had a savings account with the defendant, The Citizens Building Association Company, Tiffin, Ohio, in a sum in excess of $8000.00;

B. That on the 31st day of July, 1939, said L. Floy Walker, while confined in a hospital in the City of Chicago, Illinois, wrote, and had mailed to said defendant, The Citizens Building Association Company, a certain letter or communication of which the following is a true copy:

409 West Dickens Avenue,
Chicago, Illinois,
July 31, 1939.

The Citizens Building Association,
Tiffin, Ohio.

Attention: Mr. C. W. Crobaugh.

Dear Mr. Crobaugh:

Will you please consider this letter your authority to write a certificate of deposit for Eighteen Hundred Dollars ($1800.00) payable to L. Floy Walker or Mrs. Sceva Stinebaugh Walker or survivor withdrawing this amount from my Savings Account. This certificate may be placed inside my Savings Account pass book which I left at your office for safe keeping. Mrs. Walker's permanent address is 209½ E. Market St., Tiffin, Ohio, altho she is at present out of town and will not return for a number of weeks. I would not wish her advised of this action on my part unless she survives me. There would be no difficulty in establishing her identity in that event.

I shall appreciate your kindness in handling this matter for me.

Sincerely yours,
(Signed) Floy Walker.

C. That the above mentioned letter or communication from said L. Floy Walker dated July 31, 1939, was received by the defendant, The Citizens Building Association Company, Tiffin, Ohio, on August 2, 1939, and on said day, August 2, 1939, the defendant The Citizens Building Association Company, acting by its agents, withdrew from said savings account of said L. Floy Walker, the sum of $1800.00 and issued therefor its certificate of deposit, No. 147786, in the sum of $1800.00 of which the following is a true copy:

THE CITIZENS BUILDING
ASSOCIATION COMPANY No. 147786
of Tiffin, Ohio.

Tiffin, Ohio, August 2, 1939 $1800.00
L. Floy Walker or Mrs. Sceva Stinebaugh Walker or survivor has deposited in the Association (stamped) Eighteen Hundred Dollars.

Payable to the same on return of this Certificate to the office of the Association.

THE CITIZENS BUILDING
ASSOCIATION COMPANY
With Interest at 3% Per Annum.
If left three months.
(Signed) C. W. Crobaugh, Secretary.
No interest after 12 months unless renewed. Interest computed for even months only. Any transfer of this Certificate renders the above interest contract void. This Association reserves the right to demand 60 days notice before payment of this certificate.

D. That the following was stamped upon said certificate of deposit No. 147-786, by an agent of the defendant, The Citizens Building Association Company, at the time of issuance on August 2, 1939, to-wit: 'We agree either may draw, and balance at death of either shall be payable to survivor. Each transfers to the other a present equal undivided interest in this account and additions thereto, for our respective lives, balance to the survivor.'

—————————————————
—————————————————

That the above was not signed by either L. Floy Walker or Mrs. Sceva Stinebaugh Walker.

E. That the defendant, Mrs. Sceva Stinebaugh Walker, did not contribute any of the money evidenced by said certificate of deposit No. 147786, and issued by the defendant The Citizens Building Association Company, in the sum of $1800 on August 2, 1939; that said sum of $1800.00 was contributed, furnished and supplied by L. Floy Walker—said sum of $1800.00 having been withdrawn from the savings account the said L. Floy Walker then carried with the defendant, The Citizens Building Association Company.

F. That said certificate of deposit in the sum of $1800.00, No. 147786, dated August 2, 1939, is now in the possession of the defendant, The Citizens Building Association Company, and has been in the continuous possession of said defendant, The Citizens Building Association Company since the date it was issued, to-wit—August 2, 1939; that from August 2, 1939, until the death of said L. Floy Walker on September 5, 1939, the defendant, The Citizens Building Association Company had in its possession said certificate of deposit, No. 147786, and received, accepted and held the same in accordance with the instructions contained in the letter or communication from said L. Floy Walker to the defendant, The Citizens Building Association Company, and dated July 31, 1939, and that said letter or communication from L. Floy Walker, dated July 31, 1939, and received by the defendant, The Citizens Building Association Company, contained all the directions and instructions received by said defendant, The Citizens Building Association Company, concerning the withdrawal of $1800.00 from the savings account of said L. Floy Walker, the issuing of said certificate of deposit, No. 147786, in the sum of $1800.00, and the disposition to be made thereof; that sometime prior to October 6th, 1939, the plaintiff notified the defendant, The Citizens Building Association Company, not to pay or deliver said certificate of deposit No. 147786 to any person or persons without his (plaintiff's) consent, or upon order of a court of competent jurisdiction, and that the defendant, The Citizens Building Association Company, has refused to deliver said certificate to anyone until authorized to do so by order of court.

G. That said L. Floy Walker was confined in a hospital in Chicago, Illinois, from a date proior to July 3, 1939, and never was in Seneca County, Ohio, between July 30th, 1939, and September 5, 1939.

H. That said L. Floy Walker was a resident of the City of Tiffin, Seneca County, Ohio, at the time of her death on September 5, 1939; that she died testate; that her estate is being administered in the Probate Court of Seneca County, Ohio; that the plaintiff, Walter C. Rohrbacher, is the duly appointed, qualified and acting executor of the estate of said L. Floy Walker, deceased, having been appointed as such executor by the Probate Court of Seneca County, Ohio.

I. That Mrs. Sceva Stinebaugh Walker, a defendant herein, did not know on August 2, 1939, that said L. Floy Walker had deposited the sum of $1800.00 with the defendant, The Citizens Building Association Company, payable to L. Floy Walker, or Mrs. Sceva Stinebaugh Walker or survivor and evidenced by said certificate of deposit No. 147786, and dated August 2, 1939, and that said defendant, Mrs. Sceva Stinebaugh Walker, did not learn that said deposit had been so made until some time after the death of said L. Floy Walker on September 5, 1939.

J. That C. W. Crobaugh was the Secretary of The Citizens Building Association Company, Tiffin, Ohio, defendant, on August 2, 1939, and had been such secretary for some years prior thereto.

It is further agreed that this case be tried by the Court of Common Pleas of Seneca County, Ohio, without the intervention of a jury—a jury being waived, if a jury issue is involved—upon this agreed and admitted statement of facts and that judgment be entered by the court according to the legal rights of the parties, as disclosed by said agreed and admitted statement of facts—the foreging agreed and admitted facts to be used and treated by the court as a special verdict of a jury.

The question involved is the ownership of said certificate of deposit No. 147786, in the sum of $1800.00, issued by the defendant, The Citizens Building Association Company, Tiffin, Ohio, on August 2, 1939."

The ultimate question presented in this case is: Does the title or owner-

ship of said disputed deposit vest in the plaintiff or in the defendant Sceva Stinebaugh Walker?

The question of law presented in this case is: What acts, as a matter of law, are necessary to create a right in a nondepositing survivor in a joint and survivor certificate of deposit to have the proceeds of such certificate upon the death of the depositor?

The courts of other states have variously held the right of a non-depositing survivor to have the proceeds of a joint and survivor deposit upon the death of the depositor, to be governed by the rules of law applicable to (a) gift, (b) trusts, (c) contracts, but the courts of this state have █ uniformly held that such right must be determined upon the rules of law applicable to contracts. **Cleveland Trust Company v Scobie, 114 Oh St 241. Sage v Flueck, 132 Oh St 377.**

In all the cases on the subject decided by the courts of this state in which it is held that the non-depositing survivor had the right to have the proceeds of the deposit upon the death of the depositor, the non-depositing survivor had notice and knowledge of the contract of deposit and became a party thereto through signature at or about the time the deposit was made.

In the instant case the non-depositing survivor had no notice or knowledge of the fact of deposit and did not in any way become a party to the contract of deposit, so that a different question is presented in this case than in the decided cases.

The consideration for the issuance of the certificate of deposit in the instant case was the debt which the building association company owed to the depositor L. Floy Walker, and its issuance of the certificate of deposit in the form set forth in the agreed statement of facts as requested in the letter of the depositor L. Floy Walker constituted a promise on its part to L. Floy Walker based on a valuable consideration moving from her to it to pay the indebtedness it owed to L. Floy Walker, evidenced by the certificate of deposit, to L. Floy Walker and/or the defendant Sceva Stinebaugh Walker in the manner and upon the terms and conditions set forth in the certificate.

The indorsement on the back of the certificate of deposit was placed there by an agent of the building association company presumably upon his own initiative as it is not shown in the agreed statement of facts that there was any regulation or by-law of the company requiring such indorsement and such indorsement is not prescribed in L. Floy Walker's letter of instructions to the company with reference to the issuance of such certificate, and the indorsement which is in such form as to require the signatures of L. Floy Walker and Sceva Stinebaugh Walker to make it effective is not signed by either of them. The indorsement therefore is without legal effect insofar as the subject matter of this case is concerned.

The promise made by the building association company to L. Floy Walker to pay the money evidenced by the certificate of deposit, to Sceva Stinebaugh Walker upon the terms █ and conditions prescribed in the certificate of deposit was based on a valid consideration moving from L. Floy Walker to the building association company as hereinbefore mentioned.

Such a promise can be enforced by the person for whose benefit it is made. **Emmett v Brophy, 42 Oh St 82 at page 88. Crumbaugh v Kugler, 3 Oh St 549. Bagley v Waters, 7 Oh St 367. Trimble v Strother, 25 Oh St 381. Thompson v Thompson, 4 Oh St 333. Union Savings & Loan Company et v Cook et, 127 Oh St 26.** In re Stovers Estate—Wimmer v Stover—Supreme Court of Wisconsin, April 30, 1935, 260 N. W. 655, 658.

Where such a promise based on a valuable consideration is made for the benefit of a third person █ it is enforcible by such beneficiary against the promisor, even though as between such

beneficiary and the promisee no consideration passed and no obligation existed. In re Staver's Estate—Wimmer v Staver, supra.

"A third person beneficiary under such a promise is a 'donee beneficiary' if the purpose of the promisee in obtaining the promise of all or part of the performance of the contract is to make a gift to the beneficiary or to confer on him or her a right against the promisor to some performance neither due nor asserted to be due from the promisee to the beneficiary." Note, 17 C. J. S. Volume 17, page 1127. See also, Restatement of the Law of Contracts, Volume 1, Sec. 133, page 157.

The party benefitted need not have known of the contract if he afterwards adopts it, nor need he formally accept the same demand for performance or suit on the contract being sufficient, and in the case of a donee beneficiary ratification or assent is presumed from the fact of benefit without burden. 17 C. J. S., Contracts, Sec. 519, Subdivision (e), page 1133.

In Restatement of the Law of Contracts, Volume 1, Section 135, page 158, the rule applicable to the enforcement of agreements of the character mentioned, is stated as follows: "A gift promise in a contract creates a duty of the promisor to the donee beneficiary to perform the promise; and the duty can be enforced by the donee beneficiary for his own benefit."

In the comment following the statement of the rule, it is declared that no assent by a donee beneficiary to the contract nor knowledge on his part of its existence is necessary to give him a right of action on it.

As the agreement in the case at bar, evidenced by the letter of instructions from L. Floy Walker, the depositor, to the building association company, and the certificate in controversy comprehending a promise on the part of the building association company to pay the amount of such certificate to the defendant Sceva Stinebaugh Walker upon the terms and conditions mentioned therein, is based on a valid consideration, such promise on the part of the building associaton company, under the rules of law mentioned, is enforceable by the defendant Sceva Stinebaugh Walker even though as between her and the promisee L. Floy Walker no consideration passed and no obligation existed, and even though she had no knowledge of its existence or formally accepted the same,—her assent as a donee beneficiary thereof being presumed.

Therefore as between her and the plaintiff, the amount of the joint and survivor deposit certificate under the terms thereof being now due and payable to her as the survivor, the defendant Sceva Stinebaugh Walker was, upon the agreed statement of facts, entitled to the proceeds of the deposit certificate, and the judgment of the Common Pleas Court adjudging that the plaintiff had absolute title to said certificate and that the defendant Sceva Stinebaugh Walker had no right, title or interest in or to the certificate of deposit or the proceeds thereof, and directing the building association company to deliver up the same to the plaintiff is contrary to law and will for this reason be reversed at costs of plaintiff-appellee. And this court proceeding to render the judgment the Court of Common Pleas should have rendered, will enter final judgment herein adjudging and decreeing the defendant Sceva Stinebaugh Walker entitled to the proceeds of said certificate of deposit and directing the defendant building association company to pay the same to her.

CROW, PJ., KLINGER & GUERNSEY, JJ., concur.